MacVeagh *et al.* v. Burns, Judge, *et al.*

A claimant, who made an entry under the townsite law, in making his statement, for the purpose of procuring a deed for land which he occupied and had improved, to the probate judge as trustee of his claim, made a clerical mistake in the description of the lots claimed by him, by making a call to a monument at corner No. 1, instead of to corner No. 7, as intended. In due time the probate judge, as trustee, issued his deed awarding the lots as described in the written statement of claimant. The lots as so described were never occupied or improved by the claimant, or intended to be deeded to him. *Held,* that this was such a mutual and reciprocal mistake between the claimant and the probate judge as will support a cause of action in a court of equity to have the deed reformed, and to quiet him in his possession under the erroneous deed.

(Syllabus by the court. Opinion filed May 28, 1891.)

Appeal from circuit court, Lawrence county. Hon. CHARLES M. THOMAS, Judge.

The facts so far as material are fully stated in the opinion.
*McLaughlin & McLaughlin*, for appellants.

The statutes of the Territory of Dakota relating to town-sites, make no provision for the correction of mistakes and vested no jurisdiction in the court below to grant the relief prayed for by plaintiffs. To be corrected, therefore, a mistake must be one for which equity can afford relief. To entitle plaintiffs to relief in this case it should appear in their complaint that the alleged mistake was mutual and, not the result of their own or their grantors' carelessness. Kennerty v. Etiwan Phosphate Co. 53 Am. Rep. 669; 1 Story Eq. Juris. §§ 146, 147, 150, 151; Adams Equity, 171; Nevins v. Dunlap, £3 N. Y. 676; Mills v. Lewis, 55 Barb. 179; Barfield v. Price, 40 Cal. 535; Grymes v. Sanders, 93 U. S. 55. The mistake in this case could not be mutual. The probate judge could not be mistaken. The claimant of land under the townsite law is bound by the allegations in his statement, and the probate judge could not go beyond them.

Congress, in § 2387 Rev. Statutes, gave to the legislature express authority to make regulations for the disposal of lots in a townsite entered under the provisions of that section. It was clearly within the province of the legislature to limit the time within which claimants' statements should be filed. Denver v. Kent, 1 Col. 336; Town of Aspen v. Rucker, 10 Col. 184, Mayor of Aspen v. Aspen, Id. 191; Ricks v. Reed, 19 Cal. 575; *In re* Cash *et al.*, 6 Mich. 193.

The courts are uniform in holding that if the claimant does not file his claim in time, and the statute makes such failure a bar, he is barred. Hawxhurst v. Lander, 28 Cal. 333; Cofield v. McClelland, 1 Col. 370; Id. 16, Wall. 335; Tucker v. McCoy, 3 Col. 285; Treadway v. Wilder, 8 Nev. 98; Megerle v. Ash, 33 Cal. 74; Id. 47 Cal. 637; Poppe v. Athearn, 42 Cal. 606; Carpenter v. Sargent, 41 Cal. 559; Borland v. Lewis, 43 Cal. 571; Daniels v. Lansdale, Id. 41; Id. 100 U. S. 113.

*Martin & Mason*, for respondents.

The court below had jurisdiction in this case because it is an action against a trustee to compel the proper execution of his trust. Both by the act of congress and the territorial statute, the probate judge is a trustee for the occupants of the land who have a vested right therein. Ashley v. Hall, 7 Sup. Ct. Rep. 310; Parcher v. Ashby, 1 Pac. 204; Luch v. Rauch, 3 Minn. 448. Further, the lower court had jurisdiction of this case, because it is an action to correct a mutual mistake. §§ 4637, 4639 Comp. Laws; Allen v. Houston, 21 Kan. 199.

The limitation provided in Section 8 of Chap. 135, Laws of 1881, relating to townsites, was not intended to apply in cases like the one at bar, because a sufficient townsite statement was filed within the prescribed time. Again, the limitation act in question was only intended by the legislature to operate between adverse claimants.

If the limitation act was intended to operate against an undisputed occupant the legislature exceeded the authority vested in it by the townsite act, as it only has authority to regulate the execution of the townsite trust. Winfield Town Co. v. Maris, 11 Kan. 151; Rathbone v. Sterling, 25 Kan. 446; Aspen v. Rucker, 15 Pac. 791; Henshaw v. Bissell, 18 Wall. 270. If Such was the intention of the legislature the limitation act would be further unconstitutional as being an interference with the primary disposal of the soil. U. S. Rev. Stat. § 1851; § 4, Subd. 2, Omnibus Bill; Art. 22, Subd. 2, Const. S. D.; Gibson v. Choteau, 13 Wall 99; King v. Thomas, 12 Pac. 866; Wiebold v. Davis, 14 Id. 865. If so intended the limitation act would be unconstitutional as being a statute of limitation against an owner who is in possession. Cooley Cont. Lim. p. 450; Groesbeck v. Seeley, 13 Mich. 329; Baker v. Kelly, 11 Minn. 480, 358, 372.

Bennett, J. This is action brought to correct a mistake in a deed from the probate judge of Lawrence county, as trustee for the townsite of Deadwood, and also to enjoin the county judge and board of education of the city of Deadwood from selling the ground in controversy, under the provisions of the townsite act of the Territory of Dakota. The complaint alleges,

in substance, that one Thomas J. Wheeler and George Cushing were in the actual and peaceful possession of certain real estate situated within the limits of the townsite of Deadwood, as the same was entered by the probate judge of Lawrence county, Dak., at the U. S. land office, described as follows: "Begin- ning at corner No. 1 of said premises, from which corner No. 7 of M. C. No. 38 bears south," etc., following a full boundary line to place of beginning. That on these described premises there were situated two frame dwelling-houses and barns, then owned and in possession of the above named occupants. In due time, as required by law, these occupants made out and signed a statement in writing, containing, as they supposed, an accurate description of the above land and the nature of their claim, and the character and value of their improvements, and how occupied, and for how long a time. That said state- ment was verified by affidavit, but that the officer before whom such verification was made neglected to sign his name and at- tach his seal thereto. Upon this statement, on the 15th day of July, 1882, the probate judge of Lawrence county executed and delivered to the said occupants, Wheeler and Cushing, his deed, executed in compliance with his lawful authoritiy, conveying the said premises, which deed was duly filed and placed on record in the office of the register of deeds of Lawrence county. That by mutual mistake of the said Wheeler and Cushing and the said probate judge the premises were inaccurately de- scribed in the townsite statement and in the deed, the descrip- tion being: "Beginning at corner No. 1, from which corner No. 1 M. C. 38 bears south," etc.; whereas the correct descrip- tion of said premises was and is as follows: "Beginning at corner No. 1, from which corner No. 7 of M. C. 38 bears south," etc. The description was correct in every particular except- ing as to the call to mineral claim No. 38, which said call should have been to corner No. 7, instead of corner No. 1. The com- plaint alleges that it was the intention of the townsite claimants and of the probate judge to describe the premises actually oc- cupied by said townsite claimants, and to describe them with reference to "corner No. 7, M. C. 38," instead of with refer-

ence to "corner No. 1," and that through a clerical mistake the figure "7" was mistakenly deciphered in the description as figure "1." The complaint then alleges that the premises occupied by them were on the 29th of June, 1882, conveyed by deed, which was duly recorded, to the plaintiffs, and that they went into possession of the same, and have been ever since in the actual, peaceful, and undisputed possession. The description in the deed of conveyance from the townsite claimants to plaintiff was different in words, but in substance did describe the premises occupied by them. To the complaint the defendant interposed a demurrer, on the ground that it did not state facts sufficient to constitute a cause of action in favor of said plaintiffs and against said defendants. This was overruled by the court, with leave to file answer. Without answering, the defendant perfected an appeal from this order.

The contention of plaintiffs is that the claimants and the probate judge were mutually mistaken in describing the land in the deed. Ever since the day of Chancellor KENT'S ruling in the case of Gillespie v. Moore, 2 Johns. Ch. 593, the correction of mistakes in written instruments, occurring by accident, fraud, or otherwise, has been one of the acknowledged branches of equity jurisdiction. The contention, of defendants, however, by their demurrer, is that the facts alleged in the complaint are not sufficient for a court of equity to reform the deed made by the probate judge to the original townsite claimants; and they strenuously urge that the true rule for relief in equity arising on all allegations of mistake is: (1) It will afford relief when there is a mutual mistake as to facts upon which it is based, or as to the terms and stipulations embraced therein; (2) when one of the parties is under such mistake in relation to either of the facts or stipulations, and such mistake has been occasioned by fraud, deceit, or imposition; (3) when one of the parties only is under such mistake, and this has occurred through no fault of his own. We think this is the correct statement of the rule. But the difficulty is that the defendants have not made the proper application of it to the facts in the case at bar. This being an appeal from an order overruling a

demurrer to the complaint, all the facts alleged in it must be taken to be true, so far as the demurrer is concerned. There is no allegation that the error arose from fraud, deceit, or imposition, but the allegation is fully and definitely set forth that "by the mutual mistake of the said Wheeler and Cushing and the said probate judge the premises so occupied and claimed by the said Wheeler and Cushing were inaccurately described in the townsite statement of the claimants and in the said deed." The territorial statute, passed as supplemental to the congressional enactment, requires an accurate statement to be made by claimant, in writing, containing a description of the particular lot, lots, or parcel of land which is claimed, and the specified right, interest, or estate so claimed, the character and value of the improvements, and how long occupied, etc.; said statement to be filed in the office of the probate judge. The complaint alleges that this was done, but by a clerical mistake in the description "corner No. 1, M. C," was inserted instead of "corner No. 7, M. C." The statement was in all respects a compliance with the spirit of the statute. It showed an intent to claim the land occupied by claimants, and upon which they had made valuable improvements, and the mistake in the numeral 1 for 7 is one that through accident could very easily be made; and there is no doubt that by reason of this error in the statement the probate judge inserted the description in the deed as was made in the statement. But appellants claim that there could not have been a mutual mistake of both parties, and ask the question: How is the probate judge mistaken? A mutual mistake which will afford a ground for relief by a reforming of a written instrument means a mistake reciprocal and common to both parties, when each alike labors under a misconception in respect to the facts.

The case of Snell v. Snell, 123 Ill. 403, 14 N. E. Rep. 684, was one where a mortgage was given to secure an indebtedness. The land upon which the mortgage was given lay in Section 27, but by mistake it was described as in Section 20. The mortgage was properly executed, and was in every respect strictly accurate, except the error as to number of the section.

A bill in equity was filed in the circuit court to correct the mortgage in respect to the erroneous number of the section, and to have the mortgage foreclosed. The court, on the hearing, entered a decree in conformity to the prayer of the bill. The case was appealed to the supreme court by a subsequent mortgagee. The court says: "In the present case there was a simple mistake in the body of the deed in describing the land. The homestead was formally released and waived as required by statute, and the only effect of correcting the error in the description of the property was to make the deed express just what the parties to it originally intended it should;" and the decision of the lower court was affirmed. The case of Jackson v. Magbee, 21 Fla. 623: Here the bill prayed for a reformation of a deed as to the description of the land conveyed by the deed. The court, on the hearing, said; "That it was their intention only to sell and the intention of Leonardy to buy only a certain number of acres of land; that Leonardy had the tract which both parties understood to be the tract and quantity sold by Jackson, surveyed, and a map thereof made; that Maybee had actual notice of the amount of the land sold, and its boundaries by said map. If these statements are true, and there are no countervailing equities arising from the transaction, the appellants are entitled to the relief prayed for." In Roszell v. Roszell, 109 Ind. 355, 10 N. E. Rep. 114, it was alleged that the deed to the land was executed to the son of one of the parties by mistake. It was contended that the appellants were not entitled to relief, because, in order to justify the intervention of a court, there must have been a mutual mistake by both parties to the deed; and that, because the grantor was not mistaken, and the infant grantee was invested with the title without any mistake on his part, the court had no jurisdiction. The court says: "Of course, when the action is to reform an instrument on the ground that a mistake has occurred in the written memorial of the agreement between the parties, it must appear that the mistake was mutual, and that the reformation is necessary in order that the writing may correctly speak the agreement as it was actually made and understood by both parties. The

reformation is not to make a new agreement, but to establish and perpetuate the old one. It being admitted by the demurrer that James M. Roszell paid the entire purchase money, and that Armstrong agreed to cause his vendor to convey the lot to him, Armstrong will not be heard to say that the conveyance to the infant son was not a mistake on his part. * * * The transaction was between Armstrong and James M. Roszell; and because Armstrong's vendor made the deed to the appellant in good faith, in ignorance of the mistake, is no reason why a court of equity should be prevented from looking at the real transaction and dealing with it accordingly. The demurrer to the complaint," say the court, "was properly overruled." Other authorities to the same import could be cited, but we think the above sufficient to show that courts of equity will, under circumstances like the present case, assume jurisdiction, and will, if the facts are true, reform a written instrument so as to conform to the intention of the parties to it at the time of its execution, and is within the rule above announced. The complaint alleges that the plaintiffs' grantors occupied a certain piece or parcel of land within the original townsite of Deadwood previous to its entry as such by the proper authority under the provisions of the congressional and territorial statutes; that they had erected on said land two dwelling houses and a barn of a certain value; and that within the time prescribed by law they had made a statement containing all the requirements of the statute, and filed it with the probate judge, with an intent to claim the land thus occupied by them, and no other; but by inadvertence or otherwise a clerical mistake in the call to a monument in the description of the lots claimed was to corner No. 1 of mineral claim No. 38, instead of to corner No. 7, as intended. The facts also allege that this error in the description could not be prejudicial to the rights of any third persons, because no third persons had or claimed to have any rights to the land intended to be described. The probate judge, in making and executing the deed, very naturally put the same description in it as was found in the statement filed, without noticing the wrong description, but

from inference presumed it to be correct, and related to the land occupied and improved by the claimants, and, of course, in the issuance of the deed necessarily passed upon the sufficiency of the statement as to form and contents. These were matters within his discretion, and his judgment that the statement was sufficient, in the absence of any fraud by either party, is conclusive. From a full consideration of this case, both on the law and the facts, we are of the opinion that there was no error in overruling the demurrer by the court below, and its order is therefore affirmed. All the judges concurring.